UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Albert Lee Evans , | ) | C/A No.:8:08-cv-00088-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | **ORDER** |
| v. | ) | (Written Opinion) |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court to review the magistrate's Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.02(B)(2)(c), D.S.C., filed on September 22, 2008. On January 14, 2008, Petitioner filed this action pursuant to 28 U.S.C. § 2254. On May 12, 2008, the respondent filed a motion to dismiss this action. The magistrate recommends dismissing this action with prejudice.

**Standard of Review**

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Only two of the petitioner's objections meet this standard.

## Discussion

The petitioner has offered two specific objections to the magistrate's Report and Recommendation.  First, the petitioner argues that his trial counsel was ineffective for failing to challenge the competence to testify of Regina Evans and Reginald Pressley. Second, the petitioner alleges that magistrate erred by failing to discuss the petitioner's claims that his counsel conducted an insufficient investigation, and challenge the testimony of W.M. Stevenson and Malissa Partian.  However, both of these arguments are without merit.

The petitioner argues that trial counsel was ineffective for failing to request an *in camera* hearing to determine the competency of State's Witnesses Regina Evans and Reginald Pressley.  The petitioner alleges that Ms. Evans, who is his niece, has only an intelligence test score of only 53, which falls within the range of mental retardation, rendering her incompetent as a witness.  The petitioner further argues that Mr. Pressley was found by a physician to be unable to consent to proposed medical care and  should have been prevented from testifying. The petitioner argues that the failure of his counsel to seek the exclusion of these witnesses constitutes ineffective assistance of counsel.

To prove ineffective assistance of counsel, the petitioner must show that: (1) trial counsel's performance was deficient, and (2) this deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be

relied on as having produced a just result." *Id. at* 686, 104 S.Ct. at 2064. In addition, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*, 104 S.Ct. at 2064 (internal quotations omitted).

Under South Carolina Law, all witnesses are presumed competent to testify. SCRE 601(a). However, "a witness will be disqualified if he cannot express himself 'concerning the matter as to be understood by the judge and jury … or is incapable of understanding the duty of a witness to tell the truth.'" *Sellers v. State*, 362 S.C. 182, 190, 607 S.E.2d 82, 86 (2005)(quoting SCRE 601). Furthermore, a witness's mental illness is not enough to rebut this presumption of competence. *Id.*; 607 S.E.2d at 86.

Under this standard, Ms. Evans is competent to testify. The record reflects that Ms. Evans had a tenth grade education, is gainfully employed, lives alone, and cares for her children. More importantly, Ms. Evans testified clearly at trial, and demonstrated and understanding of the nature and context of her oath.

Additionally, Mr. Pressley's dementia would not render him incompetent to testify. The petitioner argues that because Mr. Pressley was determined by two physicians to be unable to consent to medical treatment, the petitioner's counsel should have challenged his competence to testify. However, Mr. Pressley's dementia does not, by itself, preclude him from testifying. Furthermore, there is no evidence

that Mr. Pressley was incapable of understanding the oath he was taking, or that he was not capable of explaining what he saw to the jury.  Additionally, the petitioner's attorney was aware of Mr. Pressley's dementia and the made strategic decision to challenge Mr. Pressley's mental competence during  cross-examination.  Finally, Ms. Stevenson, a nurse who works with Mr. Pressley four or five times a week, testified and was cross-examined on Mr. Pressley's dementia.  Accordingly, because Mr. Pressley and Ms. Evans would have been deemed competent to testify, failing to challenge their competence cannot be said to be deficient or prejudicial.

The petitioner also objects that the magistrate failed to rule on his claims of failure to investigate by his counsel, and the inadmissability of the testimony of W.M. Stevenson and Malissa Partian.  However, neither of these arguments were included in Evans's habeas petition.  Additionally, the petitioner's writ of certiori to the South Carolina Supreme Court does not contain these arguments.  "In the interest of giving state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing, a state prisoner must exhaust all available state remedies before he can apply for federal habeas relief." *Williams v. French*, 146 F.3d 203, 209 n.8 (4th Cir. 1998). "To exhaust state remedies, the petitioner must fairly present the substance of his claim to the state's highest court." *Burket v. Angelone*, 208 F.3d 172, 183 n.11 (4th Cir. 2000).  Accordingly, because the petitioner failed to raise these issues on either before the South Carolina Supreme Court or in his habeas petition, the petitioner may not bring them now.

**Conclusion**

After a thorough review of the magistrate's Report and Recommendation, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate's Recommendation in its entirety.

Wherefore, it is ORDERED that the Respondent's Motion for Summary Judgment be GRANTED and the habeas petition be DISMISSED with prejudice.

IT IS SO ORDERED

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October  29  , 2008

NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Petitioner has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal**.